IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-302-RAH |
| | ) | [WO] |
| LEIGHTON JERREL TAYLOR | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Leighton Jerrel Taylor was charged on September 12, 2023, in a seven-count indictment for possession with intent to distribute cocaine, marijuana, and methamphetamine (Counts 1–5) in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime (Count 6) in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm as a convicted felon (Count 7) in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1)

On December 1, 2023, Taylor filed a motion to suppress (doc. 16), in which he sought to suppress evidence seized in the first and second searches of the home. The first search was a warrantless search, where no evidence was seized.  The second search was conducted pursuant to a search warrant.  The searches revealed marijuana, ecstasy pills, cocaine, firearms, and methamphetamines, all of which were seized by law enforcement.

The Magistrate Judge held an evidentiary hearing on the motion on January 4, 2024.  Thereafter, the Magistrate Judge recommended the denial of the motion to suppress the seizure of the drugs and firearms.  On February 16, 2024, Taylor filed Objections (doc. 38) to the Magistrate Judge's Report and Recommendation (doc. 32).  Taylor objects to the Magistrate Judge's determinations that (1) Mattie Taylor, the Defendant's grandmother, had sufficient common authority over the home to consent to a search; (2) Mattie Taylor had "apparent authority" over the home that

1

was sufficient to create an objectively reasonable, good-faith belief that she could consent to search of the home; and (3) the conclusion that exigent circumstances existed which made the needs of law enforcement so compelling that the warrantless search was objectively reasonable. Taylor raised no objections regarding the second search of the residence. Upon an independent and *de novo* review of the record, including a review of the transcript, and for the reasons that follow, the Court overrules Taylor's Objections.

## I.     STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions. Fed. R. Crim. P. 59(b)(3).

De novo review requests the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the magistrate judge made finds based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* This Court has reviewed the entire transcript of the suppression hearing, as well as the evidentiary materials.

## II.     DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation. Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact. In his Objections, Taylor asserts the Magistrate Judge erred in concluding that

Mattie Taylor, a keyholder of his residence, did not possess sufficient common authority over the home to consent to a search.

As discussed in the Recommendation, "a warrantless entry is valid when based upon the consent of a third party whom the police, at the time of entry, reasonably believed possessed common authority over the premises, even if the third party does not in fact possess such authority." (Doc. 32 at 9, citing *United States v. Fernandez*, 58 F.3d 593, 598 (11th Cir. 1995)); *see also United States v. Matlock*, 415 U.S. 165, 171 (1974) (A third party may consent to a search of a private residence if the third party "possessed common authority over [the residence] or other sufficient relationship to the premises."). Common authority may be either actual or apparent. *United States v. Weeks*, 666 F. Supp. 2d 1354, 1378 (N.D. Ga. 2009) (citing *United States v. Kimoana*, 383 F.3d 1215, 1221 (10th Cir. 2004)). The Magistrate Judge found that Mattie Taylor possessed apparent authority to consent to a search (doc. 32 at 11), while Taylor argues that it was unreasonable for officers to believe his grandmother had apparent authority because she told law enforcement "that the home belonged to Taylor's grandaddy and that she had come to check the house and lock it up." (Doc. 38 at 3.)

Under the totality of the circumstances, Mattie Taylor possessed apparent authority to consent to the search of the residence. While Mattie Taylor informed officers she was not the property owner, she did possess keys to the property and informed the officers that she planned to enter the home to retrieve money and to lock-up. Further, Mattie Taylor did not inform officers that she was limited in how often she could enter the home, what rooms she could enter, or when she could enter. And Mattie Taylor was not limited in *who* could help her check on the property, as a juvenile accompanied her to the home for that very purpose. In other words, Mattie Taylor had a sufficient relationship to the residence, as she was there to check on it, retrieve money belonging to her inside it, and secure it, and she did not inform law

3

enforcement that she was limited in any way as to her ability to enter the home. The officers had an objectively reasonable, good faith belief that Mattie Taylor, as a keyholder with no limits on accessing the residence, had authority over the property to consent to their entry into the home.

Next, Taylor objects to the finding that Mattie Taylor's consent was voluntarily given, arguing that Mattie Taylor merely acquiesced to law enforcement's requests to enter the home. (Doc. 38 at 4.) Whether consent is voluntarily given is a fact-based inquiry based on the totality of the circumstances. *United States v. Spivey*, 861 F.3d 1207, 1213 (11th Cir. 2017). It is clear from the record that Mattie Taylor was not coerced into allowing the home to be searched and her consent was voluntary. In fact, law enforcement informed her that she could decline consent and there were no facts to suggest that Mattie Taylor was detained by law enforcement or intimidated in any way.

It is clear, under the totality of the circumstances, that Mattie Taylor possessed sufficient common authority over the residence, that officers reasonably believed she had apparent authority over the residence, and that her consent was given freely and voluntarily. Because the Court finds that Mattie Taylor had sufficient apparent authority to consent to the search, the Court need not discuss whether exigent circumstances existed.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Taylor's Objections (Doc. 38) are **OVERRULED;**
2. The Report and Recommendation of the Magistrate Judge (Doc. 32) to deny the Motion to Suppress is **ADOPTED;**
3. The Motion to Suppress (Doc. 16) is **DENIED.**

DONE, on this the 25th day of March 2024.

                                              R. AUSTIN HUFFAKER, JR.
                                              UNITED STATES DISTRICT JUDGE